# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

MICHAEL IVY                                                                                PETITIONER

v.                                                                             No. 1:17CV126-MPM-RP

WARDEN LEPHER JENKINS, ET AL.                                      RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Michael Ivey for a writ of *habeas corpus* under 28 U.S.C. § 2254. The court has reviewed the petition and finds that, to the extent that he seeks to challenge his state conviction and sentence, it should be dismissed as successive. It appears that Mr. Ivy may seek an order from this court directing state courts to rule a certain way under state statutory law. To the extent that he seeks such an order, the court does not have the authority to issue such an order.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

This court denied Mr. Ivy's first petition for a writ of *habeas corpus* as untimely filed on June 22, 2009, holding:

> Ivy was convicted of one count of sexual battery and one count of fondling in Lowndes County Circuit Court. On December 1, 2005, he was sentenced as an habitual offender to serve life in prison on the sexual battery charge and 15 years on the fondling charge. The Mississippi Supreme Court affirmed the convictions and sentences on February 22, 2007. With the addition of 90 days that is permitted for the filing of a petition for writ of certiorari with United States Supreme Court, the judgment became final on May 23, 2007. Ivy's motion for postconviction relief was signed on February 5, 2008 and filed with the Mississippi Supreme Court on February 8, 2008. The motion was denied on March 19, 2008. With the tolling of the running of the statute of limitations for the period of pendency of the state postconviction motion, Ivy's habeas petition was due to be filed in this court on or before July 7, 2008.
>
> The petition was stamped filed with this court on September 15, 2008. It was not dated. Even allowing a full week for mailing through the prison mailing system, the petition was not timely filed.

*Ivy v. Banks, et al.*, 1:08CV227-GHD-JAD (N.D. Miss. 2009).

Mr. Ivy filed the instant petition for a writ of *habeas corpus* on August 15, 2007, stating as his sole ground for relief: "Whether the verdict was against the overwhelming weight of the evidence." Below that ground for relief, however, Mr. Ivy states, "Petitioner is not challenging the above issue (ground)." The remaining grounds are, however, blank. In his memorandum brief in support of his position, Mr. Ivy argues that he "should be granted leave to proceed in the trial court to file for post-conviction collateral relief." Doc. 2 at 6. Mr. Ivy attached documents showing that the Mississippi Supreme Court dismissed the application, noting that it was his third attempt to obtain such relief and that it was barred for a variety of reasons, including: (1) it was second or successive, (2) the issues could have been raised at trial or on direct appeal, and (3) he had not presented an arguable basis for his claims. *Id.* at 14. Mr. Ivy seeks from this court the equivalent of a writ of mandamus, ordering the Mississippi Supreme Court to grant his application to proceed in the trial court (the first step of the state process to obtain post-conviction relief).

**Discussion**

Mr. Ivy's petition is not a model of clarity, as he framed his initial ground for *habeas corpus* relief as a challenge to the sufficiency of the evidence to support the verdict. In the next sentence, however, he stated that he did not seek to challenge the sufficiency of the evidence. Only in his brief does he request an order from this court along the lines of a writ of mandamus. To the extent that Mr. Ivy actually seeks to challenge the sufficiency of the evidence to support the verdict (despite his disclaimer), then his petition must be dismissed as second or successive. As set forth above, he has filed a previous petition for a writ of *habeas corpus* with this court, which was dismissed as untimely filed. The Antiterrorism and Effective Death Penalty Act requires that before a district court files a

second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The petitioner has not obtained such an order; as such, to the extent that the instant petition operates as a challenge to the petitioner's conviction, it will be dismissed under 28 U.S.C. § 2244(a) and (b)(3).

Mr. Ivy also seeks an order in the nature of a writ of mandamus from this court, one requiring the Mississippi Supreme Court to grant his application to proceed in the trial court. This court simply does not hold the power to issue such an order, as a state's highest court is the final arbiter regarding the interpretation of its own law. *Jackson v. Anderson*, 1112 F.3d 823, 825 (5th Cir. 1997). As such, Mr. Ivy's ground for relief involving his state application for post-conviction collateral relief will be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed as successive, or, in the alternative, for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of September, 2018.

                                        **/s/ MICHAEL P. MILLS**
                                        **UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF MISSISSIPPI**